Camilo **LEMUS–VALENCIA,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 02–70172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided April 2, 2004.

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Carl H. McIntyre, Jr., Michael T. Dougherty, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BROWNING, PREGERSON, and REINHARDT, Circuit Judges.

### MEMORANDUM *

Camilo Lemus Valencia ("Lemus") challenges the Bureau of Immigration Appeals' ("BIA's") denial of his motion to reopen removal proceedings. He also asks us to review his application for adjustment to legal temporary resident status as a Special Agricultural Worker ("SAW"), pursuant to 8 U.S.C. § 1160, which was denied by the Legalization Appeals Unit ("LAU").

The parties are familiar with the facts and procedural history, so we do not recount them except as necessary to explain our decision. We hold that the LAU abused its discretion in denying Lemus's SAW application. We therefore REVERSE the LAU's denial and grant Lemus's application for legal temporary resident status as a SAW. Because Lemus is entitled to legal temporary resident status, we VACATE his removal order and we DENY AS MOOT his appeal of the BIA's denial of his motion to reopen.[1]

The Attorney General concedes that we have jurisdiction to review the denial of Lemus's legalization application because the BIA's denial of his motion to reopen constitutes a final order of removal. *See* 8 U.S.C. § 1160(e)(3)(A); *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000). Lemus did not waive review of the LAU's decision. 8 U.S.C. § 1252(c)'s requirement that "a petition for review of an order of removal ... shall attach a copy of such order" plainly refers to the order of removal. Lemus was not required to attach to his petition a copy of the LAU's decision on his appeal of the legalization denial. Lemus's opening brief stated that he wished this court to review the legalization denial, providing sufficient notice of the claim. To ensure that the legalization claim was fully argued we ordered supplemental briefing after oral argument. The Attorney General cannot complain that he lacked notice of Lemus's legalization claim or opportunity to argue it.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we hold Lemus was entitled to legalization as a special agricultural worker, we do not address his claims that (a) the BIA abused its discretion in denying his motion to reopen by failing to consider the hardship his removal would cause to his family, (b) the BIA abused its discretion in denying his motion to reopen because he received ineffective assistance of counsel, and (c) the BIA's summary dismissal of his appeal violated due process.

The statute provides that "[t]he Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the Attorney General determines that" the alien both resided in the United States and performed at least 90 days of seasonal agricultural work during the twelve-month period ending May 1, 1986. 8 U.S.C § 1160(a)(1). The alien bears the burden of proving by a preponderance of the evidence that he worked the required 90 days during the statutory year. 8 U.S.C. § 1160(b)(3)(B)(i). He may meet that burden by "producing sufficient evidence to show the extent of that employment as a matter of just and reasonable inference." 8 U.S.C. § 1160(b)(3)(B)(iii). If he does, "the burden then shifts to the Attorney General to disprove the alien's evidence with a showing which negates the reasonableness of the inference to be drawn from the evidence." *Id.* We review the LAU's application of these standards for abuse of discretion and confine our review to the administrative record established at the time of the LAU's review. *See* 8 U.S.C. § 1160(e)(3)(B).

The LAU denied Lemus's application because it found he "failed to establish credibly the performance of at least 90 man-days of qualifying agricultural employment during the twelve-month statutory period ending May 1, 1986." The LAU did not state whether its decision rested on a finding that Lemus's evidence was insufficient "to show the extent of [his] employment as a matter of just and reasonable inference," or whether the Attorney General had made "a showing which negate[d] the reasonableness of the inference. . . ." 8 U.S.C. § 1160(b)(3)(B). On this record, we hold that either finding would have

been an abuse of discretion and that Lemus has met the statute's requirements.

Lemus presented ample evidence to show "as a matter of just and reasonable inference" that he performed at least 90 days of agricultural work in the twelve months ending May 1, 1986. He stated in his SAW application that he worked 105 days between May 1985 and May 1986 under the supervision of Alex Valladares at "Salinas Farms," picking and harvesting grapes, garlic, and onions. He provided an affidavit from Valladares attesting to the same details. The legalization officer found Lemus credible and recommended granting his application. After his application was denied, Lemus bolstered it on appeal to the LAU by adding a second supporting affidavit from a Margarito Lemus Valencia ("Margarito"),[2] dated June 14, 1992. Margarito stated that Lemus had lived in the United States from February 1985 to December 1985, and that he knew this because the two had worked for Valladares picking grapes, garlic and onions at "Salinas Farms."

The contrary evidence presented by the Attorney General did not "negat[e] the reasonableness of the inference" that Lemus met the statutory requirements for legalization. *See* 8 U.S.C. § 1160(b)(3)(B)(iii). Norma Salinas's letter stated that Salinas Farms, which she owned, had hired Valladares twice, in November 1986 and May 1987. After investigating Valladares, the INS concluded, in Information Digest # 811, that he had, in fact, worked as a labor contractor "during the 1985–1986 qualifying period." The names of the farms Valladares worked for—according to the INS—are notable: Information Digest # 811 states that Valladares was "[a]ffiliated" with nine farms,

---

**2.** The record does not indicate whether Margarito Lemus Valencia is related to Petitioner

Camilo Lemus Valencia.

four of which were named "Salinas": "Salinas Farms," "Salinas Enterprises," "Salinas Ranches," and "Coelho & Salinas Farms." At most, Norma Salinas's letter, examined in light of the INS's conclusions, suggests that Valladares and Lemus remembered working at a farm they knew as "Salinas farm," but were mistaken that it was the one formally named "Salinas Farms"—rather than "Salinas Enterprises," "Salinas Ranches," or "Coelho & Salinas Farms." Valladares and Lemus committed a common error in capitalization, writing "Salinas Farms," a proper name for a single farm, when they meant "Salinas farms."[3] The statute does not require that the applicant prove which particular farm he worked on. The evidence produced by the Attorney General did not meet his burden of "negat[ing] the reasonableness of the inference," raised by Lemus's evidence, that Lemus did the required agricultural work.

Lemus produced sufficient evidence showing, as a matter of just and reasonable inference, that he performed more than 90 days of seasonal agricultural work in the twelve months ending May 1, 1986. It is undisputed that he resided in the United States during the statutory year and that his application for legalization was timely filed. Because the Attorney General did not negate the reasonableness of the inference that Lemus met the work requirement, Lemus is entitled to adjustment of status to legal temporary resident as a Special Agricultural Worker under 8 U.S.C. § 1160(a)(1).

The decision of the Legalization Appeals Unit is REVERSED. The order of removal is VACATED. The petition for review of the Bureau of Immigration Appeals' denial of Lemus's motion to reopen is DENIED AS MOOT.

---

**3.** Margarito's affidavit is written all in capital letters; he states he and Lemus worked "AT SALINAS FARMS."

